IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02200-WYD-PAC

JOY MASTER,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion to Remand.  The case was removed to this Court on November 1, 2005, from Boulder County District Court on the basis that this Court has original diversity jurisdiction over the matter pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).  Defendant claims that it is a resident of Illinois, and it is undisputed that Plaintiff is a resident of Colorado.  Further, the Notice of Removal indicates that the amount in controversy exceeds $75,000, excluding costs and interest, citing the District Court Civil Case Cover Sheet for Initial Pleading of Complaint attached as Appendix A-3.

The case seeks uninsured motorist coverage benefits from Defendant for injuries Plaintiff, the insured, sustained as a result of a head-on collision with a vehicle being driven by an uninsured motorist.  Plaintiff asserts claims of negligence, violation of the

Colorado Consumer Protection Act, bad faith breach of contract in connection with uninsured motorist coverage, and exemplary damages.

Plaintiff seeks to remand the case on the basis of an exception to diversity which states that an insurer is deemed to be a resident of the insured's state of residence in a direct action against the insured based on a policy or contract of insurance. *See* 28 U.S.C. § 1332(c)(1). Plaintiff argues that since she is unable to name the unidentified hit and run driver in her complaint, her suit is effectively a direct liability action against the insurer. For the reasons stated below, Plaintiff's Motion to Remand is denied.

II.  ANALYSIS

In deciding the merits of Plaintiff's motion, I note that there a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995). For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states. 28 U.S.C. § 1332(a). Courts are required to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Defendant, as the party seeking removal, has the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Ass'n of Soil Conservation Districts*, 841 F. Supp. 350, 352 (D. Colo. 1993).

I now turn to the statute relied on by Plaintiff in her Motion to Remand. 28 U.S.C. § 1332(c) states as follows:

> For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. . . .

As stated earlier, Plaintiff argues that this is a direct action by her, the insured, against an insurance company in connection with a contract of insurance (regarding uninsured motorist coverage benefits). Accordingly, she asserts that Defendant is deemed to be a resident of Colorado, since Plaintiff is a resident of Colorado, and that diversity jurisdiction does not exist.[1] Defendant argues that remand is not proper since § 1332(c)(1) was not meant to apply to actions between the insured and her own insurer, this is not a direct action, and there is no contract of insurance regarding uninsured motorist coverage.

I agree with Defendant that § 1332(c)(1) is not applicable under the circumstances of this case. The overwhelming weight of authority holds that actions by an insured against his or her own insurer for uninsured motorist coverage benefits or other similar benefits are not direct actions within the meaning of § 1332(c)(1), and that this statute is not applicable to such actions. *Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003); *Hindall v. Winterthur Intern.*, 337 F.3d 680, 683 (6th Cir. 2003); *McGlinchey v. Hartford Acc. and Indem. Co.*, 866 F.2d 651, 652-53 (3rd Cir.

---

[1] Plaintiff does not dispute that the amount in controversy exceeds $75,000, only that the parties are not residents of different states.

1989); *Tuck v. United States Auto Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989); *Long v. St. Paul Fire and Marine Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 839452, at *4 (D. Kan. April 6, 2006); *Antonacci v. State Farm Mut. Auto. Ins. Co.*, No. 4:05-CV-2173 CAS, 2006 WL 568344, at *1 (E.D. Mo. 2006); *Irvin v. Allstate Ins. Co.*, 436 F. Supp. 575, 576-77 (D. Okl. 1977); *Adams v. State Farm Mut. Automobile Ins. Co.*, 313 F. Supp. 1349, 1351-52 (N.D. Miss. 1970); *Inman v. MFA Mut. Ins. Co.*, 264 F. Supp. 727, 728 (E.D. Ark. 1967); *see also Fleming v. Allstate Ins. Co.*, 709 F. Supp. 216, 217 (D. Colo. 1989).

These cases hold that § 1332(c)(1) is limited "to situations where the insurer's status is that of a 'payor of a judgment based on the negligence of one of its own insureds.'" *See Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir. 1992) (quotations omitted). In other words, a direct action within the meaning of the statute "'is of such a nature that the liability sought to be imposed could be imposed against the insured . . . .'" *Tuck*, 859 F.2d at 849 (quoting *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 902 (9th Cir. 1982)). It applies to actions in which an injured party is permitted to sue directly the *tortfeasor's* liability insurer, when the tortfeasor himself was not joined as a defendant. *Gonzales v. Government Employees Ins. Group*, No. A. 99-3707, 2000 WL 235236, at *4 (E.D. La. 2000) (citing *Irvin*, 436 F. Supp. at 577).

Here, Defendant is not being sued as the tortfeasor's insurer, or as the payor of a judgment based on the negligence of one of its own insureds. Indeed, such an action is not normally permitted in Colorado. *See All Around Transport, Inc. v. Continental Western Ins. Co.*, 931 P.2d 552, 556 (Colo. App. 1996). Instead, Plaintiff is suing her

own insurer for failure to pay uninsured motorist benefits.  I find that this is not a direct action within the meaning of § 1332(c).  *Rosa*, 981 F.2d at 675 and n. 11.[2]

Finally, I find that this action falls outside the scope of § 1332(c)(1) because the statute applies only to actions seeking to recover under a liability policy.  Uninsured motorist coverage is not liability coverage -- "it provides compensation in the absence of insurance by the responsible party. . . . " *Long*, 2006 WL 839452, at *4 (citing *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 725 (5th Cir. 1974)).

III.   CONCLUSION

Based upon the foregoing, I find that Defendant has met its burden of showing that diversity jurisdiction exists, and that remand is not proper.  Accordingly, it is

ORDERED that Plaintiff's Motion to Remand is **DENIED**.

Dated:  April 19, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

---

[2] The case relied upon by Plaintiff, *Stubbins v. Nationwide Agribusiness Ins. Co.*, 181 F. Supp. 2d 805 (N.D. Ohio 2002) is distinguishable.  There, a motorist injured in an accident brought a declaratory judgment action against his employer's insurer, and the insured was not joined in the suit. The court specifically noted that this was not a case, as here, where an insured was suing his or her own insurer for uninsured motorist benefits pursuant to a contract.  *Id.* at 807.  Instead, the plaintiff, who did not enter into a contract with the defendant for insurance, brought suit under a state statute.  *Id.*  That statute permitted a person claiming injury or damages arising from the ownership or use of a motor vehicle to bring a direct action against the insurer rather than the owner or operator of the vehicle.  *Id.* Colorado does not permit such a direct action, and *Stubbins* is simply not relevant to this case.